IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ERICA R. CONTRERAS, ) | |
| ) | Case No. CV 4:09-112-BLW |
| Petitioner, ) | |
| ) | ORDER |
| v. ) | |
| ) | |
| FOURTH JUDICIAL DISTRICT ) | |
| COURT, STATE OF IDAHO, ) | |
| DEPARTMENT OF CORRECTION ) | |
| (PWCC), ) | |
| ) | |
| Respondents. ) | |
| _____) | |

Idaho state prisoner Erica R. Contreras ("Petitioner") filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254. The Honorable Magistrate Judge Larry M. Boyle reviewed Petitioner's Petition and determined that she had not stated cognizable habeas corpus claims, but that her claims would be more appropriately brought in a civil rights action. Petitioner filed a Response to Judge Boyle's Order, and Judge Boyle then assigned this case to the District Court for consideration of dismissal. Having considered Petitioner's Petition and supplemental Response de novo, the Court concludes that it is subject to summary dismissal.

ORDER 1

## BACKGROUND

Petitioner alleges that she was sexually assaulted by jail staff. She also alleges that government actors retaliated against her for filing a complaint or participating in an investigation of sexual misconduct charges. She further alleges that she has been provided inadequate medical care, including mental health care. She states that her Eighth Amendment sexual assault claim was settled with the defendants on February 26, 2009. She continues to assert that she is entitled to some form of habeas corpus relief–release or reduction of sentence–as a result of conditions of confinement that allegedly violate the Eighth Amendment.

## STANDARD OF LAW

A person in state custody may apply for federal habeas corpus relief if she alleges that she is being held under a state court judgment in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254. "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody," and "the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).

"Habeas corpus proceedings are the proper mechanism for a prisoner to challenge the 'legality or duration' of confinement." *Badea v. Cox,* 931 F.2d 573, 574 (9th Cir. 1991) (citing *Preiser* at 498-99). Conversely, a civil rights action under 42 U.S.C. § 1983 is the proper method of challenging, on constitutional grounds, the conditions under which an inmate is confined. *Id*. Specifically, in *Ramirez v. Galaza*, 334 F.3d 850 (9th

ORDER 2

Cir. 2003), the Ninth Circuit determined that "habeas jurisdiction is absent, and a § 1983 action proper, where a successful challenge to a prison condition will not necessarily shorten the prisoner's sentence." *Id*. at 858-59.

## DISCUSSION

While the Court agrees with Petitioner that sexual assault of inmates by jail staff is reprehensible, it also agrees with Judge Boyle that Petitioner has failed to state a habeas corpus claim upon which relief can be granted. If Plaintiff believes that the State has failed to provide proper counseling or other care related to the sexual assault incident, she must first exhaust the prison administrative remedies procedures, and then she may choose from a variety of state and federal causes of actions and may choose between state and federal court. However, Plaintiff's lack of counseling and medical care is not a challenge to her conviction or the length of her sentence, and therefore she has stated no claim for habeas corpus relief. Similarly, claims of retaliation for reporting the sexual assault incident are not challenges to her conviction or length of sentence, and do not state a cognizable habeas corpus claim.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Petitioner's Petition (Docket No. 3) is DISMISSED with leave to file a motion to convert this action into a civil rights action if Petitioner has properly exhausted her state court remedies with respect to her medical claims and retaliation claims. A proposed civil rights complaint should accompany a motion to convert, and the complaint should be asserted against

ORDER 3

proper defendants.[1] Any motion to convert shall be filed no later than thirty (30) days after entry of this Order; failure to file anything further will result in closure of this case.



DATED: **August 28, 2009**

Honorable B. Lynn Winmill
Chief U. S. District Judge

---

[1] In *Hans v. Louisiana*, 134 U.S. 1 (1890), the Supreme Court held that the Eleventh Amendment prohibits a federal court from entertaining a suit brought by a citizen against a state. The Supreme Court has consistently applied the Eleventh Amendment's jurisdictional bar to states and state entities "regardless of the nature of the relief sought." *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). Therefore, the Fourth Judicial District Court, the IDOC, and the PWCC may not be sued. Rather, individual defendants who have participated in the alleged constitutional violations are the proper defendants. In *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989), the court explained:

> Liability under section 1983 arises only upon a showing of personal participation by the defendant. *Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979). A supervisor is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them. There is no respondeat superior liability under section 1983.

In her complaint, Plaintiff should name only those individuals who meet this definition of personal participation. Defendants may be sued in their official capacity if Plaintiff is asking that the Court order them to take or refrain from taking action. They should be sued in their individual capacities if Plaintiff seeks monetary damages.

ORDER 4